

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0262-20 & PD-0263-20

### ANDREW JAMES TURLEY, Appellant

### v.

### THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS HARRIS COUNTY

**NEWELL, J., filed a concurring opinion in which WALKER J., joined.**

As detailed by the Court, the facts of this case are horrible. Appellant put an advertisement on Craigslist to solicit someone to "Play with Daddy's Little Girl," a thinly veiled invitation for sexual predation on a small child. Fortunately, law enforcement answered the ad and

rescued Appellant's four-year-old daughter who had been drugged with a sleep aid.

The State charged Appellant with the offense of compelling child prostitution, a first-degree felony, and human trafficking based upon the predicate offense of compelling child prostitution, also a first-degree felony.[1] As the Court explains, the offense of compelling child prostitution requires some showing that the child engaged in prostitution, and, by extension, so does the offense of human trafficking based upon compelled prostitution. I agree with the Court that there was no evidence presented that the child in this case engaged in prostitution despite Appellant's efforts.

At the time the State prosecuted Appellant, the offense of compelling prostitution was the only first-degree felony prostitution offense that could arguably apply to what Appellant attempted to do in this case. At that time, the crime of promotion of prostitution involving a child was only a second-degree felony.[2] The legislature made that

---

[1] Tex. Penal Code Ann. §§ 43.05(a)(2) & 20A.02(a)(7).

[2] Tex. Penal Code Ann. § 43.03(b)(2) (2015) ("[promotion of prostitution] is a felony of the second degree if the actor engages in conduct . . . involving a person younger than 18 years of age engage in prostitution"); *amended by* Act of May 28, 2019, 86th Leg., R.S. ch. 273, Tex. Gen. Laws 461, 462 (making the offense of a promotion of prostitution a felony of the first degree if the conduct involves a person younger than 18 years of age).

offense a first-degree felony in 2019.[3]  The offense of promotion of prostitution involving a child does not require proof that the child actually engaged in prostitution in order for the person promoting the child prostitution to be convicted of the first-degree felony offense.[4] Going forward, prosecutors may be able to rely upon this offense as a possible charge to secure a first-degree felony conviction when faced with facts similar to those presented here even though the prosecutors in this case could not.

However, the offense of trafficking of persons for child prostitution is potentially more problematic.  While the statute allows for a first-degree felony conviction for human trafficking of a child based upon the predicate offenses of promotion of prostitution and compelling prostitution, the operative text of that statute arguably requires a showing that the child engaged in the forbidden conduct.[5]  Under Section 20A.02(a)(7), a person commits the offense of human trafficking if he "by any means causes the trafficked child or disabled

---

[3] *Id.*

[4] Tex. Penal Code Ann. § 43.03(a)(2) ("A person commits an offense if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he or she knowingly . . . solicits another to engage in sexual conduct with another person for compensation").

[5] Tex. Penal Code Ann. § 20A.02(b)(1).

individual to engage in, or become the victim of" the listed predicate offenses.[6] One possible reading of the statutory requirement that the child "engage in" particular conduct could be that the State would be required to show that the child was the actor who promoted or compelled the prostitution. And it could be argued that the use of the phrase "become the victim of" requires a showing of a completed offense of prostitution even under the offense of promotion of prostitution. At the very least, the question of whether a child victim can be a victim of promoting prostitution without engaging in sexual conduct is one that would need to be addressed in the future. I defer to the Legislature on whether this construction of the statute warrants amendment.

With these thoughts I join the Court's opinion.

Filed: June 26, 2024

Publish

---

[6] Tex. Penal Code Ann. § 20A.02(a)(7).